UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARUT PANCHITKAEW,

                                Plaintiff,

           v.

BLUE RIDGE BEVERAGE GROUP COMPANY,
INC., AND CARLSBERGE GROUP,

                             Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

19-CV-6869 (LDH) (LB)

LaSHANN DeARCY HALL, United States District Judge:

On October 21, 2019, Plaintiff Marut Panchitkaew, proceeding pro se, commenced the instant action in the Southern District of New York, alleging tort claims against Defendants Blue Ridge Beverage Company, Inc. ("Blue Ridge") and the Carlsberg Group ("Carslberg"). Plaintiff invoked the court's jurisdiction pursuant to 28 U.S.C. § 1332 and requested to proceed *in forma pauperis*. The court granted Plaintiff's *in forma pauperis* request and transferred the action to the Eastern District of New York on December 6, 2019.[1] For the reasons discussed below, the Court dismisses the complaint pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## BACKGROUND[2]

Plaintiff is a citizen of New York, Blue Ridge is a citizen of the Commonwealth of Virginia, and Carlsberg is a citizen of Denmark. (Compl. at 2–3, ECF No.2.) On October 18, 2019, Plaintiff purchased a 32 fl. oz. can of Carlsberg beer from a local retailer. (*Id*. at 5.) While

---

[1] Because Plaintiff is currently employed and has $1,000.00 in a bank account, this Court would not have granted *in forma pauperis* status.
[2] The following facts are taken from the complaint and are assumed to be true for the purpose of this memorandum and order. Citations to the complaint refer to the pagination assigned by the Court's ECF system.

attempting to open the beer can, Plaintiff dropped the can on his foot, fracturing his toe.[3]  (*Id.* at 6.)  Plaintiff alleges that the fracture caused him "severe pain for more than two months," and that his "toe would not be the same in term [sic] of shape."  (*Id.*)  The scarring of Plaintiff's toe caused him physical and emotional pain and suffering.  (*Id.*)  Plaintiff alleges that because the 32 fl. oz. beer can was larger and heavier than a "normal" 24 fl. oz. can, a warning label was required to caution buyers regarding "the possibility of bodily injury."  (*Id.* at 5.)  Plaintiff seeks relief in the form of monetary damages.  (*Id.* at 6.)

## STANDARD OF REVIEW

A district court "shall dismiss" an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Moreover, a plaintiff must establish that the court has subject-matter jurisdiction over the action.  *See, e.g.*, *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction).  Subject-matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332(a).  "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived."  *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).  Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh*

---

[3] Plaintiff attached as exhibits to the complaint a medical report and two x-ray images.  The first x-ray reflects an imaging date of October 19, 2018.  The second x-ray reflects an imaging date of March 4, 2019.  If the date of injury was indeed October 18, 2019, as the complaint alleges, the x-rays provided were taken prior to the date of injury.

*v. Y & H Corp.,* 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999)).  Where jurisdiction is lacking, a court must dismiss the case.  *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff invokes the Court's jurisdiction pursuant to 28 U.S.C. § 1332.  Under the diversity statute, federal courts have subject-matter jurisdiction over the complaint when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

Plaintiff alleges that he is a citizen of New York and that Blue Ridge and Carlsberg are citizens of Virginia and Denmark, respectively.  Thus, for the purpose of this order, diversity of citizenship is satisfied.  However, Plaintiff fails to satisfy the amount in controversy requirement.  The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assur. Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)); *Gilot v. Greyhound*, No. 18 CV 3074, 2018 WL 3093971, at 2 (E.D.N.Y. June 22, 2018).  The amount in controversy must be non-speculative in order to satisfy the statute.  *See Baltazar v. Earth Ctr. of Maanu, Inc.*, No. 14 CV 3543, 2014 WL 3887717, at *2 (E.D.N.Y. July 11, 2014).

Here, Plaintiff alleges that his damages exceed $75,000.00 but fails to set forth any factual allegations in the complaint to explain how that amount was reached.  Therefore, the

Court cannot determine whether there exists a "reasonable probability" that damages exceed the $75,000.00 jurisdictional threshold. *See, e.g.*, *Baltazar v. Earth Ctr. of Maanu, Inc.*, No. 14-CV-3543, 2014 WL 3887717, at *2 (E.D.N.Y. July 11, 2014) (dismissing pro se action where plaintiff failed to specify the amount paid to defendants or the cost of classes at the school requested as relief); *Gilot v. Equivity*, No. 18-CV-3492, 2018 WL 3653150, at *3 (E.D.N.Y. July 31, 2018) (dismissing pro se action where plaintiff failed to plead any plausible facts to support speculative claim that she may face the potential for an injury in the future); *Mallgren v. Sprint Nextel Corp.,* No. 13 CV 2477, 2014 WL 977663, at *3 (E.D.N.Y. Mar. 12, 2014) (dismissing pro se action where plaintiff alleged "exponential effects" and unspecified damages resulting from the suspension of his mobile phone's telephone service).

Having determined that the allegations in Plaintiff's complaint do not satisfy the amount in controversy, and thus, diversity jurisdiction, the Court now considers whether Plaintiff has established federal question jurisdiction. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks and citation omitted).

Construing Plaintiff's allegations to raise the strongest arguments they suggest, the complaint fails to invoke federal question jurisdiction. Plaintiff alleges no facts establishing that his claim arises under the Constitution or any federal laws. To be clear, Plaintiff has not proffered a basis for this Court's jurisdiction. Plaintiff appears to assert a state law claim for

products liability, either based on a design defect or a failure to warn, associated with the 32 fl. oz. beer can that he alleges was larger and heavier than "normal" and failed to contain a warning label.  Even if this were the case, the complaint falls short of plausibly alleging facts to support such a claim.  And, even if the complaint did allege plausible facts to support a products liability claim, because the Court lacks subject-matter jurisdiction, it would decline to exercise supplemental jurisdiction over this claim.  *See White v. Schriro*, No. 16 CIV. 6769, 2017 WL 3268202, at *6 (S.D.N.Y. July 31, 2017), *report and recommendation adopted*, No. 16-CV-6769, 2018 WL 1384506 at *2 (S.D.N.Y. Mar. 16, 2018) (declining to exercise supplemental jurisdiction over state law products liability claim where federal claims were dismissed).

Having found no other plausible basis for recovery, the Court concludes that the complaint must be dismissed.

## CONCLUSION

Accordingly, Plaintiff's complaint is dismissed.  *See* Fed. R. Civ. P. 12(h)(3).  The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


SO ORDERED.


Dated: Brooklyn, New York          /s/ LDH_____
      June 5, 2020          LASHANN DEARCY HALL
                United States District Judge